UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

JAN 2 0 2009

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | 08-CR-76 |
| ) | |
| v. ) | **Statement of Reasons Pursuant to** |
| ) | **18 U.S.C. § 3553(c)(2)** |
| ) | |
| FRANK CALI, ) | |
| ) | |
| Defendant. ) | |

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is also required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006). The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006).

On June 16, 2008, Frank Cali pleaded guilty to count thirty-eight of an eighty-count superseding indictment. Count thirty-eight charged that between January 2006 and January 2008, Cali and others conspired to extort payments from John Doe #4 relating the John Doe #4's work at the Staten Island NASCAR construction site, with John Doe #4's consent which was

1

induced through wrongful use of actual and threatened force, and violence and fear. See 18 U.S.C. § 1951(a).

Cali was sentenced on August 7, 2008. The remaining counts against him were dismissed upon motion by the government. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level at thirteen and defendant's criminal history category at level I, yielding a guideline range of imprisonment between twelve and eighteen months. A two-level enhancement pursuant to U.S.S.G. § 2B3.2(b)(1) was applied because John Doe #4 was subject to an implied threat of violence from Cali in light of this defendant's status in the organized crime family which carries a reputation for violence. The guideline range of fine was between $3,000 and $30,000. The offense also carried a maximum term of imprisonment of twenty years. See 18 U.S.C. § 1951(a).

Cali was sentenced to eighteen months imprisonment, three years supervised release and a $30,000 fine. Restitution owed to crime victims was left to be determined at the September 16, 2008 evidentiary hearing. Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary because the court imposed a guideline sentence, these reasons may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

2

sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendants." See 18 U.S.C. § 3553(a)(1). Cali is a hard-working businessman. The seriousness of the offense is obvious: the defendant is a member of a mob which uses violence and fear to maintain a stronghold on the region's construction and other industries. A sentence in the high-end of the guideline range, eighteen months imprisonment and a $30,000 fine, reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message to the world that any involvement in mafia-related activities will result in a substantial prison sentence and a heavy fine. Specific deterrence is achieved through incapacitation and a heavy fine.

A $100 special assessment was imposed.

Jack B. Weinstein
Senior United States District Judge

Dated: August 11, 2008
Brooklyn, New York