

**The New York Times Company**

David McCraw
Vice President & Deputy
General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

March 20, 2019

**VIA FEDERAL EXPRESS**

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *United States v. Agate et al.*, 08-cr-76-JBW-5 – Access to Sentencing Memorandum

Dear Judge Weinstein:

I write on behalf of The New York Times Company and reporter Benjamin Weiser (collectively, "The Times") to seek access to the sentencing memorandum submitted on behalf of Defendant Frank Cali in the above-referenced case in August 2008. Though the memorandum was not filed with the Court, the First Amendment and common law rights of access fully apply to it. The Times asks that it be made publicly available, subject to narrow redactions for any sensitive personal information.[1]

On March 13, 2019, Mr. Cali – reputed to be the acting boss of the Gambino crime family – was shot and killed outside his home on Staten Island.[2] The incident has given rise to renewed interest in Mr. Cali's criminal history,

---

[1] The right of access is an affirmative, enforceable public right, and the standing of the press to enforce it is well settled. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

[2] Ali Winston and William K. Rashbaum, *Gambino Mob Boss Killing: Staten Island Man Is Charged With Murder*, N.Y. Times (Mar. 16, 2019), https://nyti.ms/2OfiHP1.

including his 2008 conviction in this Court for extortion conspiracy.[3] *See* Dkt. 756. Mr. Cali was initially sentenced to 18 months in prison. *See* Dkt. 1119.[4]

In the course of its reporting, The Times reviewed the public docket of this proceeding and noticed that, unlike the Government's sentencing memorandum, *see* Dkt. 1013, Mr. Cali's sentencing memorandum does not appear on the docket. The Times contacted Mr. Cali's counsel to inquire about the memorandum; it was told that the document had been sent directly to the Court but never filed. Mr. Cali's counsel declined to release a copy to The Times. The Times then contacted the Court to seek access to it. The Times was informed that the Court no longer has a copy of the memorandum, and it was directed to file a formal application for relief. The Times asks that this letter be treated as such.

The Second Circuit has squarely held that the First Amendment right of access applies to sentencing proceedings and related documents. *United States v. Alcantara*, 396 F.3d 189, 196-98 (2d Cir. 2005); *see also United States v. Munir*, 953 F. Supp. 2d 470, 477 (E.D.N.Y. 2013) ("The qualified right of access to judicial proceedings and documents, protected under the Constitution and common law, extends to materials submitted to the Court in connection with sentencing that the Court is asked to consider.") (citation and internal marks omitted). As this Court has explained, access to sentencing memoranda is critical for public confidence in the judiciary, which "is founded on the fact that the material judges rely on for decision is available to the public." *United States v. Huntley*, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013). The showing required to overcome the First Amendment right is therefore appropriately high: sealing may be justified only by "specific, on the record findings demonstrating that [sealing] is essential to higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Alcantara*, 396 F.3d at 199) (alteration and internal marks omitted).[5]

---

[3] *See* Michael Wilson and Benjamin Weiser, *Frank Cali, the Slain Gambino Boss, Was a 'Ghost' Who Avoided the Limelight*, N.Y. Times (Mar. 14, 2019), https://nyti.ms/2HkKk8C.

[4] Mr. Cali was re-sentenced to 16 months in prison on November 26, 2008, apparently because of an error in the amount of loss associated with Mr. Cali's offense. *See* Dkts. 1368, 1498. The Times does not seek documents related to the re-sentencing.

[5] There is also a common law right of access to records of criminal proceedings, but in these circumstances the analysis would largely mirror the constitutional analysis. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Mr. Cali's sentencing memorandum is plainly subject to a First Amendment right of access. The memorandum was submitted to the Court to inform its decision on Mr. Cali's sentence, which it made on August 7, 2008. *See* Dkt. 1141. The fact that the document was not actually filed does not strip the public of its right of access. *See, e.g., United States v. Gotti*, 322 F. Supp. 2d 230, 249 (E.D.N.Y. 2004) (sentencing letters sent directly to the court "are the functional equivalent of being 'physically filed'");*United States v. Ullah*, 18-cr-16-RJS, Dkt. 56, at 2 n.1 (S.D.N.Y. Nov. 5, 2018) (parties "cannot skirt the public's right of access to judicial documents simply by declining to file a document with the Clerk") (citation and internal marks omitted). Accordingly, The Times requests that the Court direct Mr. Cali's counsel to publicly file a copy of the sentencing memorandum, subject only to narrow redactions to protect sensitive personal information of Mr. Cali or others.

We thank the Court for its consideration of the matter.

Respectfully submitted,

David McCraw

cc:   All counsel of record (via email)