

The New York Times
Company

David McCraw
Vice President & Deputy
General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

April 26, 2019

**VIA HAND DELIVERY**

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Agate et al., 08-cr-76-JBW-5 – Reconsideration of Request for Access to Sentencing Memorandum</u>

Dear Judge Weinstein:

I write on behalf of The New York Times Company and reporter Benjamin Weiser (collectively, "The Times") to request that the Court reconsider its April 12, 2019, order denying The Times's motion for access to Defendant Frank Cali's sentencing memorandum. *See* Dkt. 2326. The Court's order overlooks controlling Supreme Court law on the public's right of access to court records, including the requirement that the Court make on-the-record findings to justify any sealing. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 13 (1986).

On March 20, 2019, The Times wrote to the Court to seek access to the sentencing memorandum submitted on Mr. Cali's behalf in 2008 in connection with his conviction for extortion conspiracy. *See* Dkt. 2323-1. As The Times explained, though that memorandum was never filed on the public docket of the case, it is nonetheless subject to a weighty First Amendment right of access. *Id.* (citing, *inter alia*, *United States v. Alcantara*, 396 F.3d 189, 196-98 (2d Cir. 2005)). In response, counsel for Mr. Cali asserted that no need for releasing the memorandum exists because there is "more than enough publicly available information" about Mr. Cali's criminal history to satisfy The Times's interest. Dkt. 2324 at 6. He added that release of the memorandum would be "[h]urtful and [i]nsensitive" to Mr. Cali's family. *Id.* at 7. For its part, the Government stated that it knew of no "authority supporting sealing on [the] basis" proposed by Mr. Cali's counsel. Dkt. 2325 at 3. It did not oppose The Times's request to unseal, subject to redactions for portions of the memorandum withdrawn before the sentencing hearing and for information about third parties like Mr. Cali's minor children. *Id.*



In a two-sentence order issued on April 12, 2019, the Court denied The Times's request. *See* Dkt. 2326. As it wrote, "[t]here is no good reason to publicize [the sentencing memorandum] at this time." *Id.* The Court's order is irreconcilable with this Circuit's precedents on the right of access to court records.

A motion for reconsideration is the proper vehicle for seeking review of an order when the Court has "overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *United States v. Gomez*, 2010 WL 431878, at *1 (S.D.N.Y. Feb. 8, 2010) (quoting *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (internal marks omitted)); *see also, e.g., Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *In re NBC Universal, Inc.*, 426 F. Supp. 2d 49, 59 (E.D.N.Y. 2006) (Weinstein, J.) (granting motion for reconsideration as to access to recordings).

The Court was required to make on-the-record findings justifying the sealing, and that justification must conform with the high standard set by the Supreme Court in *Press-Enterprise. See* 478 U.S. at 13. Sealing is permitted only when a court makes "specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *accord Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016); *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014). A member of the public need not demonstrate a "good reason" – or any reason at all – for seeking access. *See Lugosch*, 435 F.3d at 123 ("[W]e believe motive generally to be irrelevant to defining the weight accorded the presumption of access." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *accord Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 517 n.3 (E.D.N.Y. 2011).

In short, the First Amendment mandates a presumption in favor of public access to court records. The Court's conclusion that the public or press must show a "good reason" for seeking access to a court record turns the law of access on its head.

As explained in our initial letter, The Times seeks access to the sentencing memorandum to aid its reporting about Mr. Cali. But that journalistic goal does not define or affect its legal entitlement to the memorandum. And the sole reasons that Mr. Cali's counsel offered for the sealing – that the information in the memorandum is publicly available and that disclosure would be insensitive to Mr. Cali's family – are insufficient as a matter of law. *See, e.g., United States v. Basciano*, 2010 WL 1685810, at *4 (E.D.N.Y. Apr. 23, 2010) ("Shielding third parties from unwanted attention arising from an issue that is already public

2

knowledge is not a sufficiently compelling reason to justify withholding judicial documents from public scrutiny.").

Accordingly, The Times reiterates its request for access to Mr. Cali's sentencing memorandum. The Times does not object to redactions for sensitive information of third parties or for the portions of the memorandum that Mr. Cali's counsel withdrew prior to the sentencing hearing.

We thank the Court for its consideration of the matter.

Respectfully submitted,

David McCraw

cc:   All counsel of record (via email)